UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
UTICA DIVISION

| | |
|---|---|
| CHRISTY RUIZ ) | Case No. 6:11-CV-0634 (LEK/GHL) |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| P.N. FINANCIAL, INC. DBA ) | |
| MERCHANT CREDIT SERVICES AND ) | **Jury Trial Demanded** |
| NELSON MACWEN ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

## PARTIES

4. Plaintiff, Christy Ruiz ("Plaintiff"), is a natural person who at all relevant times resided in the State of New York, County of Oneida, and City of New York Mills.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, P.N. Financial, Inc. dba Merchant Credit Services ("PNF") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant, Nelson Macwen ("Macwen") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. "Employees can be held personally liable under the FDCPA." *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051, 1059 (C.D. Cal. 2009); see *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008).

9. Furthermore, "most district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); see *Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

10. P.N. Financial, Inc. and Nelson Macwen ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arise from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

15. Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

16. In connection with the collection of an alleged debt, Defendants, via their

agent and/or employee "Michael Buford," contacted Plaintiff via cellular telephone call on January 18, 2011 @ 7:11 P.M., and at such time, left a message in which Defendants failed to disclose its true corporate or business name and further failed to disclose that the communication was from a debt collector.. (15 U.S.C. §§ 1692d(6), 1692e(11)).

### 15 U.S.C. §1692(e)(11)

17. The FDCPA at section 1692e(11) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *     *     *
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. §1692e(11).

18. "The provisions of the FDCPA are clear that in initial or subsequent communications, it must be disclosed that the communication is from a debt collector." *Drossin v. Nat'l Action Financial Services, Inc.,* 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009).

19. "A collection agent must follow the disclosure requirement of identifying himself as a debt collector in all communications." *Masciarelli v. Richard J. Boudreau & Associates, LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007); *Winberry v. United Collection Bureau*, Inc., 692 F. Supp. 2d 1279, 1292 (M.D. Ala. 2010) ("This court is persuaded that the plain language of the statute as it now reads, having been amended, requires a debt collector to identify in subsequent communications that he is a debt collector" ); *Pipiles v. Credit Bureau of Lockport*, 886 F. 2d 22, 26 (2d Cir. 1989) ("[W]e must now address the question left open in Emanuel and determine whether the Notice, a follow-up communication, was also required to comply.  We hold that it was, and therefore rule that Pipiles has established a violation of section 1692e(11)."); *Frey v. Gangwish*, 970 F. 2d 1516, 1520 (6th Cir. 1992) ("follow-up communications are subject to the disclosure requirements of section 1692e(11)"); *Carroll v. Wolpoff & Abramson*, 961 F. 2d 459, 461 (4th Cir. 1992), cert. denied, 113 S. Ct. 298 (1992) (holding that follow-up notices are subject to the disclosure requirements of section 1692e(11)); *Dutton v. Wolpoff & Abramson*, 5 F. 3d 649, 654 (3d Cir. 1993) (rejecting Pressley because it "changes the clear and unambiguous language 'all communications' and substitutes the more limited phrase 'some communications.'")

20. Voice messages from debt collectors to debtors are "communications" regardless of whether a debt is mentioned in the message. *Hutton v. C.B. Accounts, Inc.*,

2010 WL 3021904, 2-3 (C.D. Cal. 2010) ("[A] debt collector's failure to identify itself as such in initial and subsequent communications, be they oral or written, with a debtor is a violation of the FDCPA."); *Savage v. NIC, Inc.*, 2009 WL 2259726, *3 (D. Ariz. 2009) ("the Court finds that leaving a phone message constitutes the placement of a telephone call under § 1692d(6)."); *Berg v. Merchants Assoc. Collection Div., Inc.*, 586 F. Supp. 2d 1336, 1340-1341 (S.D. Fla. 2008) ("Although debt collectors are to refrain from mentioning the debt when communicating with third parties, they must indicate to the consumer their identity, that the debt collector is attempting to collect a debt, and that any information obtained would be used for that purpose.") (citing *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410 *4 (M.D. Fla. 2006) (("[M]essages left on answering machines that did not directly convey information about a debt were still communications under the FDCPA, because they conveyed information about a debt indirectly, since the purpose of the message is to get the debtor to return the call to discuss the debt.")); *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 655-56 (S.D. N.Y. 2006) ("Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected."); *Hosseinzadeh*, 387 F. Supp. 2d at 1115-16 ("[M]essages left by defendant on plaintiff's answering machine constitute "communications.") (citing FTC Staff Commentary on FDCPA, 53 Fed. Reg. 50103 (Dec. 13, 1988) (rejecting contentions that "contacts that do not explicitly refer to the debt are not 'communications' and, hence, do not violate any provision where that term is not used" and concluding that some contacts that do not mention debt may refer to the debt "indirectly," thereby constituting communications)).

21.     Defendants communicated with Plaintiff via telephone call on January 19, 2011, and at such time, Defendants falsely represented that it would "place a lien" on Plaintiff's checking account and social security number, actions Defendants could not legally take or did not actually intend to take.  (15 U.S.C. §§ 1692e(5), 1692e(10)).

22.     Defendants placed multiple non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system, including, but not limited to, a telephone call on January 18, 2011 @ 7:11 P.M. (47 U.S.C. 227(b)(1)(A)(iii)).

23.     Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## DEFENDANT PNF

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may

be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## DEFENDANT MACWEN

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated the FDCPA;

h) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

i) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

j) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

k) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

l) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III-- DEFENDANT PNF

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

This 7th day of June, 2011.

ATTORNEYS FOR PLAINTIFF
*Christy Ruiz*

Respectfully submitted,

s/Dennis R. Kurz
Dennis R. Kurz
NY Bar No. 4570453
**Weisberg & Meyers, LLC**
Attorneys for Plaintiff
300 International Drive, Suite 100
Williamsville
 Buffalo, NY 14221
(888) 595-9111 ext. 412
(866) 842-3303 (fax)
dkurz@attorneysforconsumers.com

*Please send correspondence to the address below*

Dennis R. Kurz
NY Bar No. 4570453
*Weisberg & Meyers, LLC*
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012